IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–00880–CMA–MDB

ANGELA DUCA,
BRANDON MONSON, and
SARAH RICCI,

    Plaintiffs,

v.

FALCON SCHOOL DISTRICT 49,
PETER HILTS, in his official and individual capacities,
PAUL ANDERSEN, in his official and individual capacities,
DAN SNOWBEGER, in his official and individual capacities, and
MELANIE WHITE, in her official and individual capacities,

    Defendants.

---

## ORDER

---

This matter is before the Court on "Defendants' Motion to Stay Discovery Pending Determination of Fed. R. Civ. P. 12(b)(6) Motion to Dismiss." (["Motion"], Doc. No. 22.) Plaintiffs have responded in opposition to the Motion, and Defendants have replied. (["Response"], Doc. No. 26; ["Reply"], Doc. No. 29.) For the following reasons, the Motion is **DENIED**.

### STATEMENT OF THE CASE

Plaintiffs Angela Duca, Brandon Monson, and Sarah Ricci [collectively, "Plaintiffs"] are former employees of the Defendant Falcon School District 49 ["the District"]. (Doc. No. 1 at ¶

1.) They allege that, on September 29, 2021, the District breached their written employment contracts by firing them "without good and just cause." (*Id.* at ¶¶ 1, 169-76.) Plaintiffs also complain that four individual District employees—Defendants Peter Hilts, Paul Andersen, Dan Snowbeger, and Melanie White [collectively, "the Individual Defendants"]—"made the decision" to fire them, rather than the District's School Board. (*Id.* at ¶ 1.) Plaintiffs allege that this also violated the terms of their employment contracts. (*Id.* at ¶¶ 1, 169-76.) Finally, Plaintiffs allege that, even though their employment contracts "created a property interest in their continued employment with the District," they were not provided with "any pre-termination due process," and later "denied" their respective requests for "post-termination due process." (*Id.* at ¶¶ 1, 133-68.)

Based on these allegations, on April 12, 2022, Plaintiffs commenced this lawsuit against the District and the Individual Defendants [collectively, "Defendants"], asserting three causes of action: (1) "42 U.S.C. § 1983—Violation of Fourteenth Amendment Right to Predetermination Due Process (All Plaintiffs Against All Defendants);" (2) "42 U.S.C. § 1983—Violation of Fourteenth Amendment Right to Post-termination Due Process (All Plaintiffs Against All Defendants);" and (3) "Breach of Contract (All Plaintiffs Against Defendant Falcon School District 49." (*Id.* at ¶¶ 133-76.) The claims are brought against the Individual Defendants, in both their individual and official capacities. (*Id.* at 1.) In the Complaint, Plaintiffs demand declaratory and injunctive relief, as well as monetary damages. (*Id.* at 20.)

On June 9, 2022, the District responded to Plaintiffs' allegations against it by filing an Answer to the Complaint. (Doc. No. 20.) That same day, the Individual Defendants filed a motion to dismiss, invoking qualified immunity as to the individual capacity claims against them

and Eleventh Amendment immunity as to the official capacity claims against them. (Doc. No. 21.) Also that same day, Defendants filed a motion to stay discovery, pending resolution of the Individual Defendants' motion to dismiss. (Doc. No. 22.) Defendants argue that a discovery stay is warranted here, because the Individual Defendants' motion to dismiss "raises purely legal arguments based exclusively on the facts alleged in the Complaint," and because all relevant factors weigh in favor of a stay. (*Id.* at 2, 3-5.) Plaintiffs, on the other hand, oppose the imposition of a discovery stay. (Doc. No. 26.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *LS3, Inc. v. Cherokee Fed. Sols., LLC*, No. 1:20-cv-03555-PAB-NYW, 2021 WL 4947284, at *2 (D. Colo. Aug. 26, 2021); *Gold, Inc. v. H.I.S. Juveniles, Inc.*, No. 14-cv-02298-RM-KMT, 2015 WL 1650900, at *1 (D. Colo. April 8, 2015); *Rocha v. CCF Admin.*, No. 09-cv-01432-CMA-MEH, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the Court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010); *see, e.g.*, *Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *3 (D. Colo. Feb. 22, 2016) (observing that a stay may be appropriate pending the resolution of a motion to dismiss impacting immunity or jurisdictional issues).

## ANALYSIS

### I. Prejudice to the Plaintiffs

Here, as to the first factor, Plaintiffs argue that they have a "manifest" interest in proceeding with this lawsuit, and they lament that any delay in their ability to do so would "significantly impact and prejudice" their case. (Doc. No. 26 at 7-8.) Plaintiffs inform the Court that two of the Individual Defendants are no longer employed by the District, and they stress that this "may affect their ability as time passes." (*Id.* at 7.) In addition, Plaintiffs emphasize that the Individual Defendants "may be entitled to an interlocutory appeal" if their motion to dismiss is denied, which Plaintiffs claim could delay the case "for as long as another 18 months." (*Id.* at 8.)

Defendants, for their part, insist that Plaintiffs "have nothing but a general interest in proceeding expeditiously with discovery," which Defendants stress is "an interest shared by 'virtually all plaintiffs' that cannot, on its own, justify proceeding with discovery." (Doc. No. 22 at 4 (quoting *Edwards v. Zenimax Media, Inc.*, No. 12-cv-00411-WYD-KLM, 2012 WL 1801981, at *2 (D. Colo. May 17, 2012)).)

As to this factor, although Defendants dispute the extent to which a discovery stay would actually affect Plaintiffs' ability to proceed expeditiously with their case, there is no question that Plaintiffs possess such an interest. *See Chavez v. Young Am. Ins. Co.*, No. 06-CV-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (noting that staying discovery pending resolution of a motion to dismiss "could substantially delay the ultimate resolution of the matter, with injurious consequences"). In light of that interest, the Court finds the first factor to weigh against the imposition of a stay. *See Four Winds Interactive LLC v. 22 Miles, Inc.*, No. 16-cv-00704-MSK-STV, 2017 WL 121624, at *2 (D. Colo. Jan. 11, 2017) (finding the first factor to weigh against a stay, because of the plaintiff's interest in proceeding expeditiously, and because a final determination on the motion to dismiss "could take several months").

**II. Burden to the Defendants**

Turning to the second factor, Defendants argue that they would be unduly burdened by moving forward with discovery, and they contend that this burden "outweighs Plaintiff's [sic] interests." (Doc. No. 22 at 3.) Defendants argue that the Individual Defendants are all "school administrators and educators" whose "time and resources are better spent serving the needs of the students," rather than "producing documents, answering written discovery, or being

deposed." (*Id.* at 4.) They argue that a discovery stay is appropriate, primarily because the Individual Defendants have invoked qualified immunity as to certain of Plaintiffs' claims. (*Id.*)

Qualified immunity "give[s] government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (alterations omitted) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The Tenth Circuit has made clear that "qualified immunity questions should be resolved at the earliest possible stage in litigation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)) (per curiam) (alterations omitted).

Nevertheless, an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). Indeed, qualified immunity is applicable only to individual capacity claims for monetary damages; it is not a defense against official capacity claims or other claims for equitable relief, and it does not shelter governmental entities from § 1983 liability. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1233 n.3 (10th Cir. 2004); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993); *see also Estate of McClain ex rel. McClain v. City of Aurora, Colo.*, No. 20-cv-2389-DDD-NRN, 2021 WL 307505, at *2 (D. Colo. Jan. 29, 2021). In this case, Plaintiffs assert both individual and official capacity claims against the Individual Defendants, they request equitable relief in addition to monetary damages, and they lodge claims against the District, including supplemental state law claims. (Doc. No. 1 at 1, 20.)

The Court does not find that the Individual Defendants' mere invocation of qualified immunity alone warrants a stay of discovery in this case. *See Love v. Grashorn*, No. 21-cv-02502-RM-NRN, 2022 WL 1642496, at *4 (D. Colo. May 24, 2022) ("The raising of qualified immunity militates in favor of a stay, but a stay is not automatic."). Qualified immunity does not

apply to the claims against the District, at all. *See Estate of Saenz v. Bitterman*, No. 20-cv-00848-NRN, 2020 WL 6870565, at *2 (D. Colo. May 15, 2020) (denying stay of discovery where claims were made against a governmental entity in addition to an individual defendant who invoked qualified immunity); *Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *7 (D. Colo. Feb. 25, 2021) (finding the second factor to weigh against the imposition of a stay, where the underlying motions to dismiss, even if granted, "would still not resolve the instant action in its entirety"). Nor does it apply to the official capacity claims asserted against the Individual Defendants.[1] Further, Defendants offer no "particularized explanation of any burden beyond the case law generally discussing qualified immunity." *Peterson v. City & Cnty. of Denver, Colo.*, No. 1:21-cv-01804-RMR-SKC, 2022 WL 1239327, at *2 (D. Colo. Apr. 27, 2022). Although Defendants claim that discovery will interfere with the Individual Defendants' responsibilities towards public school students, they provide nothing but their own speculative belief as support. Moreover, because Plaintiffs allege that the Individual Defendants "made the decision to terminate" Plaintiffs' employment contracts with the District, the Individual Defendants would likely be deposed as witnesses regarding Plaintiffs' claims against the District—all of which arise from Plaintiffs' termination—whether or not they receive qualified

---

[1] In their motion to dismiss, the Individual Defendants invoke Eleventh Amendment immunity as a defense against Plaintiffs' official capacity claims.  (Doc. No. 21 at 12-13.)  While the Court takes no position on the merits of the Individual Defendants' motion to dismiss, the Court does note that the immunity conferred by the Eleventh Amendment extends only to state actors.  *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances, but does not extend to counties and similar municipal corporations.") (internal citations omitted); *see also Love*, 2022 WL 1642496, at *4 (taking a "preliminary peek" at a pending motion to dismiss to assess whether to stay discovery pending resolution of the motion to dismiss).

immunity. Under such circumstances, "any additional burden associated with also being asked questions as to the individual liability claims would be minimal." *Estate of McClain*, 2021 WL 307505, at *3; *see Estate of Ronquillo ex rel. Sanchez v. City & Cnty. of Denver*, No. 16-cv-01664-CMA-NYW, 2016 WL 10842586, at *4 (D. Colo. Nov. 14, 2016) ("While this court understands that discovery may burden the Individual Defendants involved in this action and distract from their core professional responsibilities, such is always the case for witnesses in civil litigation."). Accordingly, the Court finds the second factor to weigh in favor of permitting discovery to proceed.

### III. The Remaining Factors

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor also weighs against the imposition of a stay. As discussed *supra*, even assuming the Individual Defendants' motion to dismiss is ultimately granted in full, Plaintiffs' claims against the District will still proceed. As such, "the Court will inevitably expend judicial resources on this matter." *McKnight v. Brown*, No. 20-cv-03678-PAB-SKC, 2021 WL 3510809, at *2 (D. Colo. Aug. 10, 2021). Ill-advised stays can inconvenience the Court by making "the docket less predictable and . . . less manageable," and this is "particularly true when there is a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), on which ultimate success is not guaranteed." *Minter*, 2021 WL 735910, at *8 (quoting *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008)). Moreover, "motions to dismiss are denied far more often than they result in the termination of a case." *Peterson*, 2022 WL 1239327, at *3 (citation omitted). With numerous parties involved in a case that has already been pending five months, any further delay in setting pre-trial deadlines may actually serve to

inconvenience the Court and interfere with its ability to effectively manage the case as contemplated by Federal Rule of Civil Procedure 1.

The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. (*See* Doc. No. 22 at 5 ("There are no nonparties with significant, particularized interests in this case[.]"); Doc. No. 26 at 9-10 ("[T]he individual defendants have not identified any non-parties who would benefit from a stay.").) As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. While this particular case may not have garnered state or national attention, it does implicate matters of local importance concerning the administration of El Paso County public schools. The Court does not find it to be in the interest of the public or in the interest of justice to "put on the backburner" discovery in a case that raises "significant questions" about the administration of taxpayer-funded public schools. *Estate of McClain*, 2021 WL 307505, at *4.

On this record, then, having weighed the appropriate factors, the Court finds that a stay of discovery is not warranted or appropriate in this case.

Accordingly, it is

**ORDERED** that the "Defendants' Motion to Stay Discovery Pending Determination of Fed. R. Civ. P. 12(b)(6) Motion to Dismiss" (Doc. No. 22) is **DENIED**.

DATED: September 12, 2022.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge